IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. CR 22-2053 MLG

JOHN LOPEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR BILL OF PARTICULARS AND TO STRIKE SURPLUS LANGUAGE FROM INDICTMENT

This matter comes before the Court on Defendant John Lopez's Motions for a Bill of Particulars and to Strike Surplus Language from the Indictment filed on January 18, 2023. Docs. 16-17. The United States responded in opposition (Doc. 20), to which Lopez replied. Docs. 22-23. Having reviewed the parties' submissions and the applicable law, the Court denies both Motions.

### BACKGROUND

The only facts relevant for the purposes of this memorandum opinion are contained in the indictment, which charged Lopez with several counts of wire and mail fraud. *See generally* Doc. 1. Lopez takes issue with language included in the charging document, and he has filed the subject Motions seeking modification of that document's text in two different respects. First, he seeks a bill of particulars. Lopez asserts this relief is warranted because, in his view, the indictment lacks the detail necessary to sufficiently describe the charges against him.[1] Doc. 16 at 1, 7. Second,

---

[1] The Federal Rules of Criminal Procedure provide that, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "The court may direct the government to file a bill of

1

Lopez argues that the Court should strike language in several different paragraphs of the indictment, characterizing those passages as irrelevant, inflammatory, or prejudicial. Doc. 17 at 6-7. The government opposes both requests. The United States argues that the text of the indictment meets, at a minimum, the threshold necessary to pass legal muster. Doc. 20 at 4. The government also denies that the allegations in the indictment are surplusage or hyperbolic. *Id.* at 11. Each of these arguments are addressed in turn below.

## OPINION

I. **A bill of particulars is unwarranted because the indictment sets forth the elements of the charged offenses and sufficiently apprises Lopez of the government's theory.**

Lopez was charged with several counts of wire and mail fraud (Doc. 1 at 3-10), the elements of which are the same—save for the means of carrying out the crime. The elements include the following: (1) a scheme or artifice to defraud or obtain property by means of false or fraudulent pretenses, representations, or promises, (2) an intent to defraud, and (3) the use of interstate wire or radio communications or mails to execute the scheme. *See United States v. Welch*, 327 F.3d 1081, 1104 (10th Cir. 2003). To substantiate these charges, it is insufficient for the government to merely plead the statutory language. *See United States v. Schuler*, 458 F.3d 1148, 1152 (10th Cir. 2006). The scheme or artifice must be described with particularity. *Id.* To that end, the indictment addresses the wire fraud charges against Lopez as follows:

> [Lopez], with intent to defraud, knowingly and unlawfully devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of

---

particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). However, "[m]otions for bills of particulars are seldom employed in modern federal practice." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id.* at 1192-93.

> executing and attempting to execute the scheme and artifice caused writings, signs, and signals to be transmitted by means of wire communications in interstate commerce.

Doc. 1 at 3-4. The indictment then details the scheme and means in which Lopez allegedly engaged to effectuate the crime as well as Lopez's intent to defraud. *Id.* at 4-6; *see Schuler*, 458 F.3d at 1152. Likewise, the indictment tracks the elements of mail fraud. Doc. 1 at 7. It details the manner in which Lopez allegedly acted to accomplish the crime including Lopez's intent to defraud which can be inferred by the alleged false promises and misrepresentations. *Id.* at 4-6; *see Schuler*, 458 F.3d at 1152. Because the indictment sets forth the elements of the charged offenses by tracking the allegations to the elements and does so with specificity, *see Welch*, 327 F.3d at 1104, there is no need for a bill of particulars. *Cf. United States v. Akers*, 215 F.3d 1089, 1101 (10th Cir. 2000) (holding that an indictment was sufficient where it tracked the language of the offense and set forth all the elements of the crime). Accordingly, the Court denies the Motion. Doc. 16.

**II.    The Court will not strike allegations from the indictment.**

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). This rule serves as "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note. However, "words will not be stricken from the indictment unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990); *see United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990). "[This] is an exacting standard which is met only in rare cases." *United States v. Eisenberg*, 773 F. Supp. 662, 700 (D.N.J. 1991).

Here, Lopez asks the Court to strike allegations in the indictment that he characterizes as irrelevant, inflammatory, or prejudicial. Doc. 17 at 6-10. The United States opposes the request,

3

asserting *inter alia* that the complained of language is relevant and therefore should not be struck. Doc. 20 at 11-16.

The Court first concludes that the challenged language is material to the allegations against Lopez. The organization's founding date is relevant because the government alleges that Lopez used that organization as an instrumentality to commit wire and mail fraud. *See* Doc. 1 at 1. It is also relevant insofar as it relates to the government's theory of Lopez's intent to defraud by means of misrepresentation (e.g., that he was an investment advisor with "considerable" experience). *See id.* The age of Lopez's victims is also germane: that factor underscores the government's theory about how Lopez's scheme primarily targeted investors of retirement age who likely had the means to transfer large sums of money to Lopez. *See id.* The organization's size (allegedly as a company of one) is relevant as it has a bearing on the government's theory of Lopez's intent to defraud by means of misrepresentation (e.g., that Lopez personally sent account statements to clients with exaggerated value as opposed to another employee). The account statements showing the degree of misrepresentation (i.e., presenting the purported gains as "substantial") is also relevant insofar as it demonstrates the government's theory as to the materiality of the misrepresentation which may have had the effect of inducing investors to continue investing with Lopez. Finally, the statement regarding the value of the seized assets is relevant as the discrepancy between that value and the values presented in the account statements relates to the government's theory of Lopez's intent to defraud by means of misrepresentation. The Court also finds that inclusion of these allegations in the indictment is neither inflammatory nor prejudicial.

Lopez also takes issue with paragraphs 21, 24, and 33 of the indictment. Doc. 17 at 8-9; *see also* Doc. 1 at 4, 5-6, 9. Lopez argues that paragraph 21 "lists duplicative and detailed allegations crafted to inflame the reader." Doc. 17 at 8. The Court disagrees. Paragraph 21 explains

in detail the instances of false promises and misrepresentations and is highly relevant to the charges the government seeks to prove at trial and therefore cannot be considered surplusage. *See United States v. Hill*, 799 F. Supp. 86, 88-89 (D. Kan. 1992) ("If the language is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be.").

The same reasoning counsels against striking paragraph 24. In that paragraph, the government details one instance where Lopez allegedly generated an account statement for his client that purportedly showed substantial gains (of 1,544%) to the client's account above market averages (which reflected a more modest increase of 103.99%). Doc. 1 at 6. Lopez argues that this detail is duplicative, irrelevant to the crime charged, and prejudicial. Doc. 17 at 8-9. The Court again disagrees. As stated earlier, this allegation is highly significant to the charges the government seeks to prove at trial because it highlights Lopez's intent to defraud (e.g., that he knowingly made false promises and misrepresentations to clients). It cannot be considered surplusage. *See Hill*, 799 F. Supp. at 88-89.

As for paragraph 33, Lopez asserts that the government should be barred from using the word "lull" because the United States has also included the word "induce" in that same paragraph. Doc. 17 at 9. In Lopez's view, the "verb 'lull' is an extraneous near synonym included only to inflame and prejudice the jury[.]" *Id.* This argument is unavailing. Lopez concedes that the word "lull" is a "near synonym" to the word "induce" yet he fails to explain how use of the word is inflammatory or results in the kind of prejudice that would warrant the Court's intervention. *Compare United States v. Edwards*, 72 F. Supp. 2d 664, 667-68 (M.D. La. 1999) (explaining that language in an indictment was neither inflammatory nor prejudicial where it was relevant to the charged offenses)*, with United States v. Augustine Med., Inc.*, 2004 WL 502183, at *6 (D. Minn.

Mar. 11, 2004) (clarifying that language in an indictment was inflammatory where it went "beyond the scope of the offenses stated in the [i]ndictment"). The Court can discern no reason to hold otherwise. For the foregoing reasons, the Court finds that paragraphs 21, 24, and 33 are relevant to the government's theory of Lopez's intent to defraud by means of misrepresentation and are neither inflammatory nor prejudicial. Accordingly, the Court will not strike allegations from the indictment.

## CONCLUSION

The Court denies the Motions. Docs. 16-17. It is so ordered.

MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE