IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN LOPEZ, )<br>)<br>Defendant. ) | Cr. No. 22-2053 MLG |

**MOTION TO REVOKE CONDITIONS OF RELEASE (FOR A MAGISTRATE JUDGE)[1]**

Pursuant to 18 U.S.C. §§ 3142(f) and 3148(b), the United States moves the Court to revoke Defendant John Lopez's conditions of pretrial release for committing another federal felony while on release. In sum, after the Court ordered Lopez released pending trial on the condition, among other ones, that he not commit any federal crimes, in January through March of 2023, he committed mail fraud and money laundering. In particular, Lopez induced an investor to mail him funds from her retirement account based on false representations about his history of investment success and his ability to consistently and substantially beat the market average. In addition, he failed to alert her he had been indicted for mail and wire fraud prior to investment. Once receiving her retirement check by mail, he signed it over to a precious metal dealer.

For that conduct, a grand jury found probable cause and returned a superseding indictment charging Lopez with mail fraud and money laundering in counts 31 and 34 respectively. Doc. 32.

---

[1] Pursuant to 18 U.S.C. § 3148(b), the United States respectfully requests, that the Honorable John F. Robbenhaar be assigned to hear this matter, since he was "the judicial officer who ordered the release" of the Defendant John Lopez. 18 U.S.C. § 3148(b).

Lopez's actions with this new victim investor occurred after the Court ordered Lopez released subject to the condition that he not violate any federal law. Doc. 9 at 1 (dated January 4, 2023).

Given his actions, the Court should revoke his release. He poses an unmistakable danger in that, despite a pending indictment for deceiving and stealing retirement money from folks and this Court's command to refrain from breaking the law, Lopez continues to deceive and steal retirement money from folks and continues to break the law. The Court can have no confidence that Lopez will abide any future conditions imposed. Revocation is the appropriate remedy.

Should the Court disagree and conclude revocation is inappropriate, the Court should impose additional conditions of release that Lopez report and attain prior approval for any financial transaction over $1,000, and that Lopez disclose to the Court and his pretrial services officer his financial records on a monthly basis. 18 U.S.C. § 3142(c)(3) (noting the court can "impose additional or different conditions of release" at "any time"); 18 U.S.C. § 3148 (noting the Court may amend conditions of release pursuant to section 3142). These conditions are tailored to the danger Lopez poses to the community. In support of these requests, the United States asserts:

**BACKGROUND**

<u>The First Indictment and Procedural History</u>

In December of 2022, a federal grand jury returned a 27-count indictment, charging Lopez with mail and wire fraud. Doc. 2 ("Indictment"). As alleged in that Indictment, over an 8-year period Lopez falsely promised investors he could consistently secure above-market investment returns. Indictment at ¶ 5. In so doing, he falsely represented to clients a history of success, telling clients he controlled an investment fund that had steadily increased in value since its inception and that it had consistently beaten most US stock market indices by a substantial margin for over a decade. *Id.* at ¶ 21(a). He also falsely represented to investors his investment strategy, consistently

telling clients their investments were held in stocks and bonds and that he switched between the two depending on market indicators or an algorithm he had developed. *Id.* at ¶ 21(d)-(e).

Lopez, however, did not have that history of success, nor was his strategy based on an algorithm or switching investments between stocks and bonds. His and his company's financial records revealed that Lopez invested client funds primarily in precious metals, which, as he knew, performed less spectacularly than he had represented. Most importantly here, those records showed that he had no investment fund that had consistently beaten most US stock market indices by a substantial margin for over a decade.

On January 4, 2023, Lopez was arraigned and the Court held a detention hearing. The United States did not oppose Lopez's release, but requested a condition that he attain pretrial supervision's approval prior to any financial transaction in excess of $1,000. The Court denied that request, and ordered Lopez released subject to a handful of pretrial conditions, including that he not violate any federal law. Doc. 9 at 1.

The Superseding Indictment

On approximately January 27, 2023, about three weeks after his detention hearing, Lopez spoke to an investor identified here as N.A. N.A. resides in New Mexico. N.A. had recently left her job and did not know what to do with her retirement funds. She had heard about Lopez from her boyfriend and had heard his boyfriend's parent's had had a good experience with Lopez. Over the phone, Lopez and her spoke about investment options with Lopez. During that conversation, Lopez did not tell her he had been indicted a month prior for mail and wire fraud.

Afterwards, Lopez emailed N.A. a "client account agreement." Ex 1 at 1. Within that agreement were various false promises and representations. Specifically the agreement offered an investment in a fund entitled the "'All Weather' Strategy Investment" in which Lopez represented

3

"[t]his investment fund has steadily gained in value over its date of inception consistently beating most US stock market indexes by a substantial margin." *Id.* at 4.  The client account agreement also offered, among other things, a certificate of deposit fund "guarantee[ing] a 10% yield." *Id.* Those representations were highly similar to representations Lopez made to clients during the course of his 8-year scheme as alleged in the original indictment. *See* Indictment at ¶ 21(a)-(b). The agreement Lopez sent to N.A. also noted that Lopez and his company were currently purchasing "American Silver Eagle coins" for all of the investments they offered.  Ex 1 at 4.  The client account agreement did not state anywhere that Lopez had been indicted for mail or wire fraud in December 2022.

N.A. decided to invest her retirement funds with Lopez, and on approximately February 21, 2023, emailed the signed client account agreement back to Lopez.  Ex 2.  She decided to invest her money in the "'All Weather' strategy investment" fund – the fund which, according to Lopez, had steadily increased in value over its inception and consistently beat most US stock market indices by a substantial margin.  *Id.* at 2.  N.A. directed her financial institution to transfer her retirement funds, approximately $13,258.06, to Lopez.  Several weeks afterward, Lopez signed over N.A.'s $13,258.06 check to purchase American Silver Eagle Coins from Route 66 Coin and Collectibles ("Route 66"), a precious metal store, in Flagstaff Arizona.

For this conduct, a grand jury returned a superseding indictment charging Lopez with one count of mail fraud (Count 31) and one count of money laundering in violation of 18 U.S.C. § 1957 (Count 34).  Doc. 32.

**ARGUMENT**

The Court should revoke Lopez's pretrial conditions of release.  It may and should do so under two separate fountains of authority: (i) 18 U.S.C. § 3148(b), as Lopez's crimes are a

4

violation of his conditions of release; and (ii)18 U.S.C. § 3142(f) as Lopez's additional crimes are new information "that has a material bearing" on his danger to the community.

Relevant here, under 3148(b) the court "shall" enter an order of revocation if the Court finds that (1) there is probable cause Lopez committed a federal crime while on release; and (2) based on the factors in section 3142(g) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," *or* "the person is unlikely to abide by any condition or combination of conditions of release."  Because revocation under 18 U.S.C. § 3148(b) is premised on Lopez committing a federal felony, so long as the Court finds probable cause that Lopez committed that offense, "a rebuttable presumption arises" that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2).

**I.     THERE IS PROBABLE CAUSE THAT LOPEZ COMMITTED TWO FEDERAL FELONIES WHILE ON RELEASE.**

Here, based on the foregoing, there is probable cause Lopez committed mail fraud and then transaction money laundering by transferring N.A.'s check in an amount over $10,000 dollars to Route 66.  As to mail fraud, there must (1) a scheme and artifice to defraud or obtain money or property by means of false or fraudulent, pretenses, representations, or promises, (2) an intent to defraud, and (3) use of the mails to execute the scheme.  *United States v. Zander*, 794 F.3d 1220, 1226 (10th Cir. 2015).  First, Lopez has engaged in a long-running scheme to deprive investors of their funds by false and fraudulent pretenses and promises all centered on his false representations of past investment successes.  Lopez, as he did with many investors from 2014 through 2022, materially misrepresented to N.A. his past performance successes, e.g., that he had an investment fund that had consistently outperformed major stock indices, when in fact, he did not.  That conduct

5

is fraud. *See United States v. Aptt*, 354 F.3d 1269, 1277 (10th Cir. 2004) ("But it is no less fraudulent when businessmen like Defendants, foolishly overconfident in their ability to deliver, encourage investors to share their overconfidence by falsely overstating their qualifications, past successes, or current business position."). Second, His pattern and practice of falsely representing his past successes, and omitting information that he had just been indicted for mail and wire fraud, all tend to show Lopez had an intent to defraud N.A. Finally, attendant to the scheme was Lopez's receipt of N.A.'s check by mail. Accordingly, there is probable cause Lopez committed mail fraud, just as a grand jury found by the same standard.

There is also probable cause that Lopez committed a section 1957 felony, which requires proof (1) the defendant engaged or attempted to engage in (2) a monetary transaction of a value greater than $10,000, (3) in criminally deprived property, (4) knowing that the property is derived from unlawful activity, and (5) that the property is, in fact, derived from specified unlawful activity. *United States v. Huff*, 641 F.3d 1228, 1230 (10th Cir. 2011). Here, Lopez engaged in a monetary transaction by signing over N.A.'s check to Route 66; 18 U.S.C. § 1957(f)(1), N.A.'s check exceeded $10,000; the check was derived from mail fraud as described above; and Lopez knew that N.A.'s check was derived from mail fraud as he was the one who had fraudulently induced N.A. to send him that check. In short, there is probable cause Lopez violated 18 U.S.C. § 1957.

## II. CONDITIONS OF RELEASE WILL NOT ADDRESS LOPEZ'S DANGER TO THE COMMUNITY NOR IS HE LIKELY TO ABIDE CONDITIONS OF RELEASE.

Lopez has been defrauding investors since 2014. In November 2021, federal agents executed a search and seizure warrant on his home and place of work. Despite that warrant, and knowledge that there was an active criminal investigation into him, Lopez continued to court new investors in 2022 and defrauded them. *See* Doc. 2 at   In January 2023, weeks after indicted on 27

6

counts of mail and wire fraud, this Court ordered him released on the condition that he not commit another federal crime. Despite this Court's order, Lopez continued his scheme, courted a new investor in 2023, and defrauded her, too.

Through that conduct, Lopez has demonstrated he has no respect for the law, he will defraud any one he can persuade, and he will not abide this Court's orders. Absent detention, the Court should have every confidence that Lopez will defraud more money from others in the community. Based on the above, the Court should find Lopez is "unlikely to abide by any condition or combination of conditions of release" and accordingly "enter an order of revocation and detention." 18 U.S.C. § 3148(b). Independently, under 18 U.S.C. § 3142, the Court should find Lopez's new crimes is material information not known at the previous detention hearing, and revoke his conditions of release by finding he presents a danger to the community in that he will defraud funds from others absent court intervention. Either way, revocation is the appropriate disposition.

If the Court believes, however, that conditions can still be fashioned, his financial activity must be more closely monitored. The Court should impose, at the very least, additional conditions of release that Lopez report and attain prior approval for any financial transaction over $1,000, and that Lopez disclose to the Court and his pretrial services officer his financial records on a monthly basis. These conditions are tailored and, should he follow them (an unlikelihood here), they would address the threat he poses to the community. For those reasons, if the Court concludes that revocation is inappropriate, these new conditions should be imposed.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court enter an order of revocation and detention for Defendant John Lopez and detain him pending trial. Should the

Court disagree, the United States respectfully requests the Court impose additional conditions of release as detailed above.

                Respectfully submitted,

                ALEXANDER M.M. UBALLEZ
                United States Attorney

                *Electronically filed on October 18, 2023*
                FREDERICK MENDENHALL
                TAYLOR HARSTEIN
                Assistant United States Attorney
                P.O. Box 607
                Albuquerque, New Mexico 87103
                (505) 346-7274

I hereby certify that on October 18, 2023 I filed the foregoing electronically through the CM/ECF System, which caused counsel for the Defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
FREDERICK MENDENHALL
Assistant United States Attorney