**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,                            |

             Plaintiff,                    |

      vs.                                          |                    1:22-cr-02053-KWR

             |

JOHN LOPEZ,                                              |

            Defendant.                   |

_____ |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE INADMISSIBLE EVIDENCE ABOUT THE GOVERNMENT'S INVESTIGATION

### SUMMARIZED REQUEST

The government seeks to curtail any defense argument at trial which questions the quality of the government's investigation. But the government cites neither to a particular argument it anticipates the Defendant could raise, nor any broader improper trial strategy the Defendant might employ. Missing specifics, the government's motion becomes a bare, preemptive accusation of bad faith. It should be denied, or in the alternative, held in abeyance until and unless the government can address a concrete concern for this Court to address.

### BACKGROUND

During the summer of 2021, the United States Department of Justice (DOJ), through the Federal Bureau of Investigation (FBI), U.S. Marshal's Service (USMS), and U.S. Attorney's Office for the District of New Mexico (USAO), began an investigation into John Lopez and an Arizona company called Personal Money Management Company (PMMC). In November 2021, the DOJ obtained numerous search and seizure warrants. DOJ agents executed the warrants in late November 2021 at Mr. Lopez's home, the PMMC office in Flagstaff, and at the holding

banks and crypto-currency accounts. These agents seized, *inter alia*, numerous computers and phones, a large volume of documents, and assets to include valuable metals, cash, and crypto currency. The USAO issued grand jury subpoenas before and after these warrants to obtain additional information, and interviewed dozens of civilian witnesses, some several times.

On December 20, 2022, a federal grand jury seated in New Mexico returned an indictment against Mr. Lopez charging 16 counts of wire fraud, in violation of 18 U.S.C. § 1343, and 11 counts of mail fraud, in violation 18 U.S.C. § 1341, allegedly occurring from 2014 to the present through PMMC. Doc. 2.  On January 6, 2023, the Court designated this matter as complex following an unopposed request by Mr. Lopez. Docs. 13-14. On October 17, 2023, a federal grand jury in New Mexico issued a superseding indictment charging Mr. Lopez with seven additional counts, including wire and mail fraud as well as three counts of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity. Doc. 32. Call of the Calendar is set for March 26, 2024. Docs 26-27.

**ARGUMENT**

As in any case, Federal Rule of Evidence ("FRE") 401 directs the Court to allow admission of relevant evidence, provided that the evidence does not violate the balance structured by FRE 403. *See* FED. R. EVID. 401 & 403. The government's lack of citation to a specific piece of evidence renders this Court unable to make a ruling under these rules on this motion *in limine*. The government's request is tantamount to seeking preclusion of unidentified, improper arguments.

### I.     The Government's Motion Omits Fundamental Aspects of the Governing Law.

The government cites legal guidance which is incomplete at best, and misleading at worst. The government seems concerned with so-called CSI strategies. In this vein, the government is correct that a defendant may not groundlessly attack its investigation as a way of

confusing or misleading the jury. *United States* v. *McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998); *see also United States* v. *Perrault*, 2019 WL 1375666 at *1 (March 26, 2019)(explaining that the Court must limit inquiries into the competence of the government's investigation if based on "mere speculation.") Yet a jury *is* permitted to consider the manner of the government's investigation when weighing the evidence and assessing the credibility of law enforcement personnel involved in the investigation. *See United States* v. *Cota-Meza*, 367 F.3d 1218, 1223 (10th Cir. 2004). Specifically, the *Cota-Meza* jury, sitting the in the U.S. District Court for the District of Kansas, was instructed that:

> Evidence has been received regarding law enforcement methods and equipment used in the investigation of this case. Likewise, evidence has been received concerning enforcement methods and equipment which were not used in relation to the investigation.
>
> **You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel involved in the investigation.** However, there is no legal requirement that the government, through its enforcement agents, must use all known or available crime detection methods or any particular type of equipment in its investigations.

367 F.3d at 1223 (**emphasis** added). The Tenth Circuit upheld this instruction as accurately comporting with the law and added "[t]he instruction specifically notes that the jury can consider the manner in which the investigation was conducted for the purposes of evaluating the weight of the evidence produced by the government and the credibility of the testimony of the law enforcement personnel involved in the investigation." *Id.*

II.     **The Government's Motion is Premature.**

The inquiry about when a defendant may question the integrity of the government's actions is a fact driven one, as even Judge Vasquez recognized in the government's preferred case, *United States* v. *Burciaga*, 2013 WL 12164685, at *5-*6 (D.N.M. Mar. 29, 2013). There, the court explained the importance of considering the specific evidence at issue in determining

the applicability of *McVeigh*, noting that the *McVeigh* defense deliberately sought to introduce speculative evidence of an alternative suspect in the Oklahoma City bombing; by contrast, the *Burciaga* defendant proposed to properly argue that the government irresponsibly deprived him of the ability to inspect relevant evidence. *Id.* As the court later recognized in *Perrault*, in the absence of citation to a specific piece of evidence or argument, the Court cannot rule on a general motion to limit any defense references to the government's investigation. *Perrault*, 2019 WL 137566 at *2.

Here, the government's investigation was lengthy and involved a massive cache of documentation, as reflected by the parties' stipulated complex case designation. Docs 13-14. As the trial will demonstrate, the government's agents went to inordinate lengths to convince various civilians that they were—or remain—the victims of a crime perpetrated by the Defendant. Some of these agents will be presented as fact witnesses at trial. The decisions of government agents will undeniably be a central, critical issue for the jury's assessment of witness credibility. If these agents chose not to record numerous conversations conducted with civilians—perhaps even exculpatory ones—would the government really aim to muzzle the Defendant from presenting this line of questioning and argument to a jury? Is the "quality and integrity" of a criminal investigation sacrosanct?

## CONCLUSION

The defense is duty-bound to test, in the government's words, the "quality and integrity of the federal investigation conducted by the F.B.I." The Tenth Circuit not only allows it but also permits a jury to consider those results when, in the Circuit's words, "evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel."

Even if the law read as the government had hoped, its motion, viewed in a charitable light, remains premature. The Defendant respectfully asks the Court to deny the request on its merits, or alternatively for failing to present a cognizable issue.

Respectfully Submitted,

/s/ Shaheen P. Torgoley
Ryan Rapp Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012

/s/ Joel R. Meyers
The Law Office of Joel R. Meyers, LLC
1000 Cordova Place, #930
Santa Fe, NM 87505

/s/ Ahmad Assed and Britany Schaffer
Ahmad Assed & Associates
818 5th Street NW
Albuquerque, NM 87102

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of January, 2024, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Frederick T. Mendenhall
Assistant U.S. Attorney
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103

/s/ *Shaheen P. Torgoley*
Ryan, Rapp, Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012