IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                              Case No. 1:22-cr-02053-MLG

JOHN LOPEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER AS TO ADMISSIBILITY OF DEFENDANT'S PRE-PMMCO MANAGEMENT OF FUNDS

The United States alleges that Defendant John Lopez operated a Ponzi scheme through his company Personal Money Management Corporation ("PMMCO"). *See* Doc. 31. The Government claims that Lopez promised his clients above-market returns on securities investments, when in fact Lopez invested their money in tangible precious metals—i.e., gold and silver coins and bars. *See id.* at 4-7. Lopez is charged with thirty-four counts of wire fraud, mail fraud, and money laundering. *See generally id.*

With Lopez's trial upcoming, the Government filed a motion in limine addressing the testimony of a potential witness identified as J.F. *See* Doc. 48 (Motion *in Limine* About Defendant John Lopez's Pre-PMMCO Management of J.F.'s Funds ("Motion")). The Government explains that it anticipates J.F. will testify to the following facts: Lopez managed funds J.F. kept in a Wells Fargo account on J.F.'s behalf; Lopez prepared monthly reports for J.F. regarding balances in the Wells Fargo account; when J.F. transferred his money to PMMCO, he discovered a six-figure discrepancy between the balance Lopez reported and amount shown in the Wells Fargo statements; and Lopez's management of the Wells Fargo account "was subpar." *Id.* at 2. The Government

requests a pre-trial decision holding that this testimony is relevant and admissible as intrinsic evidence of Lopez's criminal conduct. *Id.* at 3-4.

Having reviewed the parties' briefing and heard argument during the August 20, 2024, pretrial conference, Doc. 100, the Court denies the Motion.

## DISCUSSION

Evidence of prior crimes or bad acts is generally inadmissible to prove a defendant's current criminal charges. *See* Fed. R. Evid. 404(b)(1). However, "Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (text only). Evidence that is direct or intrinsic to the charged conduct is not subject to exclusion under Rule 404(b). *United States v. Arney*, 248 F.3d 984, 992 (10th Cir. 2001). Drawing the distinction between evidence that is extrinsic or intrinsic to the crime charged is not always straightforward. The crux of the analysis is whether the evidence is part and parcel of the crime charged or constitutes a predicate to the criminal activity at issue. *See United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). As the Tenth Circuit has explained, "[e]vidence is direct or intrinsic to the crime charged if 'both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *Arney*, 248 F.3d at 992 (quoting *Lambert*, 995 F.2d at 1007).

Here, the Government argues Lopez's poor management of J.F.'s Wells Fargo account makes it more likely that Lopez knowingly misrepresented expected returns on investments to PMMCO's future clients. Doc. 48 at 3. The Government further contends that Lopez's inaccurate accounting of J.F.'s Wells Fargo account was intrinsic to Lopez's later scheme to defraud J.F. *Id.* Specifically, the Government anticipates that J.F. will testify Lopez told him the account discrepancy arose from Wells Fargo's inability to execute trades quickly. *Id.* Lopez then claimed

that he could manage the Wells Fargo account more efficiently and without discrepancies if J.F. sent him the funds directly. *Id.* The Government posits that these conversations constitute intrinsic evidence because they show that Lopez fraudulently represented himself as a successful, trustworthy investment advisor. *Id.* Further, establishment of Lopez's reputational bona fides was a necessary precursor to induce J.F. to transfer his money to a PMMCO account. *See* Pretrial Conference Tr. 18:7-25 (Aug. 20, 2024).

Simply put, the Government seeks to use Lopez's prior management of J.F.'s Wells Fargo account as evidence of subsequent fraud involving PMMCO accounts. However, the Government provides no testimony or evidence that Lopez's pre-PMMCO management of J.F.'s funds was part of the same continuous criminal episode or that the management was a necessary precondition to Lopez's subsequent fraud. This omission is dispositive, as the Government must establish a close connection between Lopez's alleged pre-PMMCO management of J.F.'s funds and the current charges to make the requisite showing. *See, e.g.*, *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997) (concluding that a gambling ledger containing entries made within and without the time period of an alleged gambling conspiracy was intertwined with the charged conspiracy); *Arney*, 248 F.3d at 992 (holding that a "close connection" existed between cattle inventory reports and fraudulent representations made to acquire loans based on the same cattle inventory); *United States v. Grant*, 233 Fed. App'x 840, 847 (10th Cir. 2007) (holding evidence that a defendant possessed cocaine was intrinsic to his intent to distribute cocaine); *United States v. Leutwiler*, 446 F. App'x 970, 972 (10th Cir. 2011) (concluding there was a close connection between evidence of a meeting where the defendant destroyed part of a machine gun and his charge for illegally possessing the machine gun). That Lopez managed J.F.'s Wells Fargo account, and then years later

(allegedly) defrauded him through a separate PMMCO account, does not establish that the latter conduct is inextricable from the former.

In short, the Government's Motion fails to show an intrinsic link between Lopez's management of J.F.'s Wells Fargo account and the pending criminal charges. Rather, the Government merely implies that Lopez's prior conduct, which is not the subject of the superseding indictment, Doc. 31, establishes his culpability for the fraud allegedly perpetrated through his precious metals Ponzi scheme. This is exactly what Rule 404(b) forbids. Accordingly, based on the argument presently before the Court, the Court finds that J.F's proposed testimony regarding Lopez's pre-PMMCO conduct is inadmissible under Rule 404(b).[1]

## CONCLUSION

For the reasons discussed above, the Court denies the Government's Motion. It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] During the pretrial conference, the Government raised a cursory argument that J.F.'s testimony will be admissible to prove Lopez's intent and opportunity, as permitted under Federal Rule of Evidence 404(b)(2). Pretrial Conference Tr. 21:12-15. However, the Government did not fully develop this argument, and notably, did not raise it any of the written briefing on this matter. *See generally* Doc. 48. The Court declines to rule on this argument because the Government has not provided material sufficient to discern how any of Rule 404(b)(2)'s exceptions apply.