IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 22-cr-2053 MLG |
| | ) | |
| **JOHN LOPEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' UNOPPOSED MOTION FOR AN INTERLOCUTORY SALE OF ASSETS**

The United States respectfully moves, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure, for an interlocutory sale of certain assets subject to criminal forfeiture in the above cause number. Specifically it moves for an order of interlocutory sale of the precious metals seized connected with this case, hereinafter referred to as the "precious metal property," described as:

a.  approximately 2151 mint 10 troy ounce silver bars

b.  approximately 6,540 $1 U.S. Mint American Eagle Silver Bullion Coins

c.  approximately 5,743 Pre-1964 U.S. Mint 90% Silver Dimes

d.  approximately 2,160 $50 U.S. Mint American Eagle Gold Bullion Coins

J.  approximately 1,500 Royal Canadian Mint CA$5 Maple Leaf Silver Bullion Coins

k.  approximately 500 Mtinze Osterreich l.5EUR Wiener Philharmoniker

[Austrian Mint Vienna Philharmonic] Silver Bullion Coins

l.  approximately 236 U.S. Mint $50 American Buffalo Gold Bullion Coins

m.  approximately 122 U.S. Mint $5 Commemorative Gold Bullion Coins

n.   approximately 69,444 $1 U.S. Mint American Eagle Silver Bullion Coins

o.   approximately 17,527 Royal Canadian Mint CA$5 Maple Leaf Silver Bullion

    Coins

p.   approximately 12,666 Pre-1964 U.S. Mint 90% Silver Dimes

q.   approximately 5,016 Pre-1964 U.S. Mint Silver Quarters

r.   approximately 198 U.S. $20 Liberty Double Eagle Gold Coins

s.   approximately 157 U.S. $20 Liberty Gold Coins

t.   approximately 49 Various Mint IO Troy Ounce Silver Bars

u.   approximately 66 $50 U.S. Mint American Eagle Gold Bullion Coins

v.   approximately 54 $50 U.S. Mint American Eagle Proof Gold Bullion Coins

w.  approximately 34 Royal Canadian Mint CA$50 Maple Leaf Gold Bullion

    Coins

x.   approximately 30 Suid-Afrika Krugerrand, South African Mint 1 Troy Ounce

    Gold Bullion Coins

y.   approximately 27 $25 U.S. Mint American Eagle Proof Gold Bullion Coins

z.   approximately 12 $10 U.S. Mint First Spouse Gold Bullion Coins

aa. approximately 11 $25 U.S. Mint American Eagle Gold Bullion Coins

bb. approximately 10 $5 U.S. Mint American Eagle Proof Gold Bullion Goins,

cc. approximately 9 $10 U.S. Mint American Eagle Proof Gold Bullion Coins

dd. approximately 5 Various Mint 1 Troy Ounce Gold Bars

ee. approximately 5 Various Mint 100 Troy Ounce Silver Bars

ff.  approximately 5 Milnze Osterreich 100EUR Wiener Philharrnoniker [Austrian

Mint Vienna Philharmonic] Gold Bullion Coins

gg. approximately 4 $10 U.S. Mint American Eagle Gold Bullion Coins

hh. approximately 3 Royal Australian Mint AU$100 Kangaroo Gold Bullion Coins

ii. approximately 2 Perth Mint AU$100 Gold Nugget Gold Bullion Coins

jj. approximately 2 Suid-Afrika Krugerrand, South African Mint ½ Troy Ounce Gold Bullion Coins

kk. approximately 1 $50 U.S. Mint American Buffalo Proof Gold Bullion Coin

ll. approximately 1 U.S. Mint Half Dollar Kennedy Proof Gold Bullion Coin

mm. approximately 103,000 $1 U.S. Mint American Eagle Silver Bullion Coins.

The precious metal property is named as subject to a criminal forfeiture in the superseding indictment and the United States has moved for a preliminary order of forfeiture. Doc. 125. Such an interlocutory sale is appropriate as the property is subject to risk of deterioration and that delay in its sale may cause undue hardship on victims in this matter. *See* Fed. R. Civ. P. Suppl. Rule G(7)(b)(i)(A), (D). Defendant John Lopez does not oppose the relief requested in this Motion. As grounds for the relief requested the United States submits:

1. The Defendant, John Lopez, was indicted and a jury found him guilty of 12 counts of mail fraud, 17 counts of wire fraud, and 2 counts of money laundering. Doc. 123.

2. The superseding indictment alleged that, upon Lopez's conviction certain property would be forfeitable to the United States including the precious metal property.

3. On August 26, 2024, the United States served notice upon all persons and entities believed to have an interest in the precious metal property (among other property), by posting a notice of civil forfeiture on an official government site, www.forfeiture.gov. *See United States v. $217,609.52 in funds et. al*, 22-cv-0286, JB, Doc. 39. On May 5, 2022, Defendant John Lopez

3

filed a claim to the property, including the precious metal property, and, on July 21, 2022, he filed

an answer to the complaint. *Id.* at Docs. 4, 11.[1]

4.    An interlocutory sale of the precious metal property is appropriate here because (i) the

United States anticipates the net proceeds of the vast majority, if not all, of the precious metal

assets will be used to contribute to or satisfy a restitution order in this Matter, (ii) sale of some of

these assets to maximize their value will take 6 – 12 weeks; (iii) there is an urgency in liquidating

these funds as some of Lopez's victims have changed their lifestyle or taken on financial burdens

because they have not had access to their retirement funds; and (iv) gold and silver prices are near

an all-time high, but, like any asset, there is a risk of deterioration, so liquidating now may provide

more funds to make victims whole.

5.    Given the above, the parties agree that the Court should order that:

a.        The United States Marshal Service ("USMS") shall market, sell, and dispose of the

precious metal property using the same policies, procedures, and methods it uses for the sale

of forfeited assets.

b.        The USMS shall pay from, and up to the limit of, the gross proceeds of sale, the

following expenses in the order stated:

i.        First, to the payment of all expenses incurred in the seizure, custody,

maintenance, security, and preparation of the precious metal property for

sale.

ii.        Second, to the payment of all expenses incurred by the USMS in the sale of

---

[1] In the civil matter, two of Lopez's victims also asserted a claim, but they asserted only a general unsecured interest in a sum of money, not an ownership interest in the specific property at issue here. *See* Docs. 9-10. As such they are not "owners" of the precious metal property under 18 U.S.C. § 983(d)(6). In addition they are not parties to this criminal matter. As such they have no standing to approve or oppose this Motion.

the precious metal property which may include commissions and similar expenses of closing along with marketing expenses and disposal fees; and

iii.    Third to the payment of any liens attached to and secured by the precious metal property in the order of priority.

c.    The balance of the gross proceeds of sale plus any cash assets associated with, or derived from, the precious metal property, after deducting the expenses from paragraph 5b ("the "net proceeds") shall be held by the USMS in the Department of Justice Seized Asset Deposit Fund. The net proceeds from the precious metal property shall be a Substitute *Res* for that asset and, if the precious metal property is found to have been forfeitable, the net proceeds associated with that asset will be distributed as ordered by the Court.

d.    Any and all claims to, arising from, or secured by the precious metal property shall, after the sale of the precious metal property, be applied to and payable, if at all, solely from the substitute *Res* associated with the precious metal property.

e.    The purchaser or purchasers of any of the precious metal property shall take clear title free of any liens or claims which may have formerly been applicable to, payable from, or secured by the precious metal property, except that the purchaser's interest shall be subject to any easements, restrictions, and leases of record.

f.    The USMS is authorized to execute any documents required to effect the transfer of all right, title, and interest to each of the items within the precious metal property.

g.    If, in the sole opinion of the USMS, the sale of the precious metal property will not raise sufficient gross proceeds to pay the amounts identified in paragraph 5b, it may abandon the sale of that asset and shall notify the Court of its determination.

5

WHEREFORE, the United States moves without opposition that the Court enter an Order

granting the motion for an interlocutory sale as proposed of the precious metal assets.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed on January 2, 2025*
FREDERICK MENDENHALL
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

*Approved via email on January 2, 2025*
Joel Meyers
Attorney for the Defendant John Lopez

I hereby certify that on January 2, 2025, I filed
the foregoing electronically through the CM/ECF
System, which caused counsel for the Defendant
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/*
FREDERICK MENDENHALL
Assistant United States Attorney

6