IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    22-cr-2053 MLG

JOHN LOPEZ,

    Defendant.

**STIPULATED PRELIMINARY ORDER
OF FORFEITURE FOR PROPERTY**

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture. Doc. 125 ("Motion"). The Court, having reviewed the Motion and the record in this case and being otherwise fully advised in the premises, finds the Motion is well-taken in part and shall be granted in part.[1]

Whereas, on September 26, 2024, a jury returned verdicts of guilty against the defendant John Lopez, on counts 1-31 of the superseding indictment. Doc. 123. Counts 1-8, & 21-29 charged wire fraud in violation of 18 U.S.C. § 1343. Counts 9-20 charged mail fraud in violation of 18 U.S.C. § 1341. Counts 30-31 charged engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.

Whereas, the defendant John Lopez consents to the Motion in part and agrees to forfeit to the United States all his rights, title, and interest to the following property (hereafter referred to as the "Subject Property"):

a.   $217,609.52 seized from Wells Fargo Account ending in 8961;

---

[1] The Defendant, John Lopez, objects to the money judgment relief requested in the Motion. That issue will be resolved by a future, separate order.

b.  $95,731.81 seized from Wells Fargo Account ending in 5813;

c.  $59,300 U.S. currency;

d.  approximately 2,151 mint 10 troy ounce silver bars;

e.  approximately 6.07455000 units of Bitcoin Cryptocurrency;

f.  approximately 3.993 units of Ethereum Cryptocurrency;

g.  approximately 6,540 $1 U.S. Mint American Eagle Silver Bullion Coins;

h.  approximately 5,743 Pre-1964 U.S. Mint 90% Silver Dimes;

i.  approximately 2,160 $50 U.S. Mint American Eagle Gold Bullion Coins;

J.  approximately 1,500 Royal Canadian Mint CA$5 Maple Leaf Silver Bullion Coins;

k.  approximately 500 Munze Osterreich 1.5 EUR Wiener Philharmoniker [Austrian Mint Vienna Philharmonic] Silver Bullion Coins;

l.  approximately 236 U.S. Mint $50 American Buffalo Gold Bullion Coins;

m.  approximately 122 U.S. Mint $5 Commemorative Gold Bullion Coins;

n.  approximately 69,444 $1 U.S. Mint American Eagle Silver Bullion Coins;

o.  approximately 17,527 Royal Canadian Mint CA$5 Maple Leaf Silver Bullion Coins;

p.  approximately 12,666 Pre-1964 U.S. Mint 90% Silver Dimes;

q.  approximately 5,016 Pre-1964 U.S. Mint Silver Quarters;

r.  approximately 198 U.S. $20 Liberty Double Eagle Gold Coins;

s.  approximately 157 U.S. $20 Liberty Gold Coins;

t.  approximately 49 Various Mint 10 Troy Ounce Silver Bars;

u.  approximately 66 $50 U.S. Mint American Eagle Gold Bullion Coins;

v.  approximately 54 $50 U.S. Mint American Eagle Proof Gold Bullion Coins;

w. approximately 34 Royal Canadian Mint CA$50 Maple Leaf Gold Bullion Coins;

x. approximately 30 Suid-Afrika Krugerrand, South African Mint 1 Troy Ounce Gold Bullion Coins;

y. approximately 27 $25 U.S. Mint American Eagle Proof Gold Bullion Coins;

z. approximately 12 $10 U.S. Mint First Spouse Gold Bullion Coins;

aa. approximately 11 $25 U.S. Mint American Eagle Gold Bullion Coins;

bb. approximately 10 $5 U.S. Mint American Eagle Proof Gold Bullion Coins;

cc. approximately 9 $10 U.S. Mint American Eagle Proof Gold Bullion Coins;

dd. approximately 5 Various Mint 1 Troy Ounce Gold Bars;

ee. approximately 5 Various Mint 100 Troy Ounce Silver Bars;

ff. approximately 5 Munze Osterreich 100EUR Wiener Philharmoniker [Austrian Mint Vienna Philharmonic] Gold Bullion Coins;

gg. approximately 4 $10 U.S. Mint American Eagle Gold Bullion Coins;

hh. approximately 3 Royal Australian Mint AU$100 Kangaroo Gold Bullion Coins;

ii. approximately 2 Perth Mint AU$100 Gold Nugget Gold Bullion Coins;

jj. approximately 2 Suid-Afrika Krugerrand, South African Mint ½ Troy Ounce Gold Bullion Coins;

kk. approximately 1 $50 U.S. Mint American Buffalo Proof Gold Bullion Coin;

ll. approximately 1 U.S. Mint Half Dollar Kennedy Proof Gold Bullion Coin; and

mm. approximately 103,000 $1 U.S. Mint American Eagle Silver Bullion Coins.

Whereas, based upon the guilty verdicts and the record in this case, the United States has established the requisite nexus between the Subject Property and the offenses of conviction.

It is hereby ordered:

1. Pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the Court hereby orders preliminary forfeiture of the Subject Property.

2. Upon the entry of this Order, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3), the Attorney General and/or the Secretary of the Treasury (or designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating, or disposing of the subject property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General and/or Secretary of the Treasure (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant withstanding to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Fed. R. Crim.P. 32.2(b)(6).

5. Any person, other than the above Defendant, asserting a legal interest in the Subject Property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing

without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Preliminary Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. If a petition is filed by a third-party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

_____
MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

*Electronically submitted on December 31, 2024*
Frederick Mendenhall
Stephen R. Kotz
Assistant United States Attorneys


*Approved via email on December 31, 2024*
Joel Meyers
Attorney for the Defendant