IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 1:22-cr-02053-MLG |
| JOHN LOPEZ, | |
| Defendant. | |

### RESPONSE TO UNITED STATES' MOTION TO DETAIN

### SUMMARY

The government repeatedly seeks to detain Mr. Lopez before sentencing even though he is compliant with release conditions and has never missed a Court date in over three years of litigation.[1]

Having tried and failed to obtain detention several times during this case's pendency, the government now piggy-backs off Probation's dispute with Mr. Lopez over the thoroughness of financial documents shared for the PSR. With sentencing only several weeks away (on May 27) the government claims Mr. Lopez's failure to provide updated documents to probation makes him a flight risk even though has never missed a Court date in three years of litigation. This is a disingenuous argument. Nothing about the absence of updated documents prevented Probation from completing the PSR which was disclosed on April 4, 2025, or merits detaining a non-violent septuagenarian during the final stretch of his defense. Mr. Lopez should continue to be released so that he can assist his attorneys for the crucial three weeks left before sentencing.

---

[1] While this (criminal) matter was initiated in December 2022, a preceding civil forfeiture matter began in April 2022.

## RELEVANT CASE HISTORY

This underlying indictment stems from an investigation culminating in the execution of a search warrant in November 2021, during which financial documents, cash, precious metals, cryptocurrency, and electronic devices were seized. The government filed a civil forfeiture complaint on April 14, 2021. DNM 1:22-cv-00283 Doc. 1. A federal grand jury sitting in New Mexico indicted Mr. Lopez in December 2022. DNM 1:22-cr-02053-KWR Doc. 2. After appearing pursuant to a summons, Mr. Lopez was released after his arraignment.

The government obtained a superseding indictment in October 2023. 1:22-cr-02053-KWR Doc. 32. The government sought Mr. Lopez's detention, *id.* at doc. 34, but the Court again released him on conditions. *Id.* at Doc. 41.

In January 2024, the government again sought Mr. Lopez's detention. 1:22-cr-02053-KWR Doc. 61. The Court did not detain Mr. Lopez but added conditions of release. *Id.* at 84, 88.

The matter proceeded to trial from September 16, 2024, to September 26, 2024, culminating in a guilty verdict as to those counts which the Court permitted to be considered by the jury. 1:22-cr-02053-KWR Doc. 123. None of the convicted Counts, which are so-called "white collar" offenses, require a mandatory minimum sentence. Following the jury's verdict, the government again sought Mr. Lopez's detention, which the Court again denied. In its ruling, the Court noted:

> I've had an extensive conversation with Mr. Miller from Pretrial Services. We talked about this, his conditions and violations. . .
>
> [Mr. Lopez] has no violations since March of 2024. He's been on the most restrictive conditions that are available. He has complied with all of them. He's appeared for all the court proceedings. He has no failures to appear. He has no passport. There's no evidence that he's ever attempted to flee. And there is nothing to suggest that he poses a danger. He hasn't -- **there is no evidence that he's done any of the things that the government has expressed concerns about**. And while I share those concerns, there's no evidence that it's actually happened. And so for those reasons, I'm going to -- I'm going to release Mr. Lopez pending custody.

Trial Tr. September 26, 2024 at p. 29 (*available at* ECF No. 179, Exh. 1 at 29:15-30:2

(**emphasis** added).

On October 17, 2024, Mr. Lopez participated[2] in in a presentence report interview with a U.S. Probation Officer from the District of New Mexico. Throughout the next several months, Mr. Lopez, individually, and through his defense counsel, produced voluminous documents requested by U.S. Probation to help draft its Presentence Report.

On April 1, 2025, U.S. Probation stated that, to "finalize this [presentence] report," it sought[3] from Mr. Lopez:

> Hello,
>
> In trying to finalize this report I am still in need of:
>
> Tax records– business and personal (last 7 years filed).
> All bank records - for the last year. I have September and October of 2024 but am requesting a full year up to April 2025.
> copies of all credit statements and lines of credit statements for a full year up to April of 2025.
>
> Also, I see I the civil suit what looks like $217,000 that was returned to John Lopez around 2022. Do we know what happened to that?
>
> Thank you
>
> Neal

Later that day, U.S. Probation added the following requests:

> Sorry, additional questions:
>
> - We are requesting Bank statements from AZCU that contain copies of the canceled checks for one year up to April of 2025

---

[2] Description of Mr. Lopez's participation in U.S. Probation interview and dates/content of pre-PSR production of documents are based on undersigned counsel's review of his calendar and email traffic amongst defense counsel and U.S. Probation.

[3] Email sent from U.S. Probation Officer Neal Stern to defense counsel for John Lopez

- What is the WEB-CISCO-INSPREMOT $800 withdrawal/payment made each of September and October 2024?
- Do we know why the CenturyLink- Speedway was taken out of account twice each month of September and October 2024?
- Is there any updated information about office space rent? Does he still pay $1,500 per month? Is that space still utilized and if so, what is it for?

Thank you

Neal

The requests from both April 1 emails include items sought for the first time.

On April 2, 2025, a member of Mr. Lopez's defense team produced a .PDF attachment to the PSR writer to help him better understand the payment of Mr. Lopez's legal defense costs. Mr. Lopez's defense team also answered questions from Probation about the civil suit which Probation had evidently not reviewed despite Probation receiving electronic notifications for the forfeiture matter. In an April 2 email, Mr. Lopez's defense team further explained to USPO Stern that Mr. Lopez could not gather all the documents—most of which were being sought for the first time despite the passage of over five months since the presentence interview—within the timeframe probation sought. These requests did not prevent Probation from disclosing the PSR two days later.

On April 6, 2025, a member of Mr. Lopez's defense team produced six bank statement attachments to Probation. On April 16, 2025, a member of Mr. Lopez's defense team produced 10 additional bank statements attachments to Probation.

Ultimately, on Friday, April 18, 2025, USPO Stern emailed Mr. Lopez's defense team to ask whether Mr. Lopez "was [] able to get tax records or statements for the lines of credit and credit cards for the whole year." On April 23, 2025, USPO sought an *ex parte* arrest warrant for Mr. Lopez and did not alert his counsel of the warrant's existence or its basis. Mr. Lopez's counsel received a copy of the warrant on April 30, 2025. Upon information and belief, the

warrant was served on Mr. Lopez in the morning of April 30. At the time of his arrest, Mr. Lopez was at the same address and in the same community in which he has resided for nearly two decades. The warrant—which appears to be signed by a member of USPO—attaches as its basis, inexplicably, a preliminary order of forfeiture issued by the assigned District Court. Exhibit X; *see* Case 1:22-cr-02053-MLG Doc. 171.

On May 2, 2025, the government seized on USPO's arrest warrant by filing – in the District of New Mexico – a written motion to detain Mr. Lopez. 1:22-cr-02053-KWR Doc. 179.[4] This is Mr. Lopez's response in opposition to detention. He seeks continued release until his imminent sentencing on May 27, 2025.

## ARGUMENT

The government believes it should receive credit for its multiple, unsuccessful attempts to detain Mr. Lopez over years of litigation. ECF No. 179 at 1-5. But the only issue before this Court is whether Mr. Lopez's alleged failure to provide certain documents to United States Probation for its presentencing report now requires Mr. Lopez's incarceration. ECF. No. 179 at 5. It does not, not least of which because Mr. Lopez has provided the documents he can, and to the extent that he cannot, it is either because he does not have them or because to provide them would be violate his Fifth Amendment rights.

It is specious of the government to argue Mr. Lopez is a flight risk when he has not once in this case missed a court experience including two weeks of trial. ECF No. 179 at 8, Exh. 1 at 29:19 (noting that Mr. Lopez has no failures to appear in his case). In fact, he was right where the government expected to find him when he was arrested: in Flagstaff, where he residees and has resided for decades. ECF No. 179 at 8. The money to which the government claims he has

---

[4] Also filed in DAZ?

access would the same to which he has allegedly had access throughout this case, and he *has not fled* despite having been convicted by a jury nine months ago. ECF No. 179 at 8.

And, unless counsel for the government has also obtained a medical degree and examined Mr. Lopez himself, assertions that Mr. Lopez's health conditions are not exactly as they are presented are wholly unsupported by evidence. ECF. No. 179 at 9. Mr. Lopez is elderly, suffers from long COVID, and is ill-equipped to flee.

It bears repeating that Mr. Lopez has no prior criminal matters. This is his first and only, and he has never missed court. Indeed, as the trial court noted the last (*i.e. third*) time the government sought to jail Mr. Lopez before sentencing:

> "[Mr. Lopez] has no violations since March of 2024. He's been on the most restrictive conditions that are available. He has complied with all of them. He's appeared for all the court proceedings. He has no failures to appear. He has no passport. There's no evidence that he's ever attempted to flee. And there is nothing to suggest that he poses a danger. He hasn't -- **there is no evidence that he's done any of the things that the government has expressed concerns about**. And while I share those concerns, there's no evidence that it's actually happened. And so for those reasons, I'm going to -- I'm going to release Mr. Lopez pending custody."

ECF No. 179 Exh. 1 at 29:15-30:2 (emphasis added). Now, the government cannot help but pursue detention *again* not because Mr. Lopez has done something to deserve it, but because the government is frustrated it has failed so many times so far. What else explains the fact that the only thing the government alleges Mr. Lopez has done is fail to provide all the information that U.S. Probation seeks to write the PSR? The government's argument also fails facially because the PSR has *already been disclosed*. The appropriate remedy in this situation is for Probation (and the government) to draw whatever inference it may from the missing documents and for the parties to make their arguments during sentencing.

It bears mention that the government fails to discuss *why* Mr. Lopez has not provided these documents, including the fact that Mr. Lopez cannot: for example, he has not filed tax

returns for the past five years, and is at the mercy of his banks with regard to the prodcution of prior statements. As to other documents, Mr. Lopez asserts his Fifth Amendment rights.

## CONCLUSION

There is no reason for, nor benefit to be derived from, locking John Lopez up less than a month before he is to be sentenced. He is manifestly not a flight risk. He will appear, as he always has—and as the government knows he will—for his sentencing. The government's motion for detention should be denied.

Respectfully Submitted,

/s/ Shaheen P. Torgoley
Ryan Rapp Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012

/s/Joel R. Meyers
The Law Office of Joel R. Meyers, LLC
1000 Cordova Place, #930
Santa Fe, NM 87505

/s/Ahmad Assed
Ahmad Assed & Associates
818 5th Street NW
Albuquerque, NM 87102

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of May, 2025, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Frederick T. Mendenhall
Assistant United States Attorney
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103

/s/ *Shaheen P. Torgoley*
Ryan, Rapp, Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012