Query    Reports    Utilities    Help    What's New    Log Out

CLOSED

# U.S. District Court
# DISTRICT OF ARIZONA (Prescott Division)
# CRIMINAL DOCKET FOR CASE #: 3:25-mj-04163-CDB-1

Case title: USA v. Lopez

Other court case number: 1:22-CR-02053-MLG-1 District of New Mexico

Date Filed: 04/30/2025

Date Terminated: 05/07/2025

---

Assigned to: Magistrate Judge Camille D Bibles

**Defendant (1)**

**John Lopez**
38152-510
*TERMINATED: 05/07/2025*

represented by **Shaheen Payman Torgoley**
Ryan Rapp Pacheco Sorensen PLC
3200 N Central Ave., Ste. 2250
Phoenix, AZ 85012
602-280-1000
Email: STorgoley@rrpklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18 USC 1343 Wire Fraud Counts 1-8 and 21 28 and 30; 18:USC 1341 Mail Fraud Counts 9-20; 18 USC 1957(a) Engaging in Monetary Transactions in Property

**Disposition**

Derived from Specified Unlawful Activity
Counts 32-33

**Plaintiff**

**USA**                                                        represented by   **Christine Ducat Keller**
                                                                                US Attorneys Office - Phoenix, AZ
                                                                                2 Renaissance Square
                                                                                40 N Central Ave., Ste. 1800
                                                                                Phoenix, AZ 85004-4408
                                                                                602-514-7500
                                                                                Fax: 602-514-7760
                                                                                Email: christine.keller@usdoj.gov
                                                                                *LEAD ATTORNEY*
                                                                                *ATTORNEY TO BE NOTICED*
                                                                                *Designation: Assistant US Attorney*

                                                                                **Parker Stanley**
                                                                                US Attorneys Office - Flagstaff, AZ
                                                                                123 N San Francisco St., Ste. 410
                                                                                Flagstaff, AZ 86001
                                                                                928-556-5003
                                                                                Email: parker.stanley@usdoj.gov
                                                                                *LEAD ATTORNEY*
                                                                                *ATTORNEY TO BE NOTICED*
                                                                                *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2025 | 1 | Arrest (Rule 40) of John Lopez. (CSD) (Entered: 04/30/2025) |
| 04/30/2025 | 2 | MINUTE ENTRY for proceedings held before Magistrate Judge Camille D Bibles: Initial Appearance in Rule 5(c)(3) Proceedings as to John Lopez held on 4/30/2025, see attached minute entry. Initial Appearance - Rule 5 revisit with counsel and Identity/ Removal Hearing - Rule 5(c)(3) set for 5/2/2025 at 02:30 PM in Courtroom 304, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Michael T Morrissey. (Recorded by COURTSMART.) Hearing held 11:30 AM to 11:38 AM. (CSD) (Entered: 04/30/2025) |
| 05/02/2025 | 3 | MINUTE ENTRY for proceedings held before Magistrate Judge Michael T Morrissey: Initial Appearance in Rule 5(c)(3) Proceedings as to John Lopez held on 5/2/2025. Defendant has retained counsel. Rule 5(c)(3) Identity Hearing waived. The Court finds Defendant is the individual identified in the Petition and warrant. Detention and Pretrial Release Revocation Hearings requested. SO ORDERED.<br><br>**Appearances**: AUSA Christine Keller on behalf of Parker Stanley for the Government, retained attorney Shaheen Torgoley for Defendant. Defendant is present and in custody. Detention and Pretrial Release Revocation Hearings set for 5/7/2025 at 11:30 AM in Courtroom 304, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Alison S Bachus. (Recorded by COURTSMART.) Hearing held 2:48 PM to 2:51 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this |

| | | entry. (KGM) (Entered: 05/02/2025) |
|---|---|---|
| 05/05/2025 | 6 | *RESPONSE to Motion to Release from Custody by John Lopez. (Torgoley, Shaheen) *Modified to correct docket text/event on 5/6/2025 (MAP). (Entered: 05/05/2025) |
| 05/06/2025 | 9 | NOTICE *of Filing* by USA as to John Lopez. (Attachments: # 1 Exhibit USA Reply in Support of Its Motion to Detain)(Keller, Christine) (Entered: 05/06/2025) |
| 05/07/2025 | 10 | MINUTE ENTRY for proceedings held on 5/7/2025 before Magistrate Judge Alison S Bachus: This is the time set for a Detention and Pretrial Release Revocation Hearings as to John Lopez. Defendant RESERVES the Pretrial Release Revocation Hearing for the charging district. Detention Hearing held. The Government is seeking detention. The parties proceed by way of proffer and argument. Defendant is ordered detained as a flight risk pending further proceedings in the District of New Mexico. Order to issue.<br><br>**Appearances**: AUSA Raymond Woo for AUSA Christine Keller for the Government, retained attorney Shaheen Torgoley for Defendant. Defendant is present and in custody. (Recorded by COURTSMART.) Hearing held 11:30 AM to 11:54 AM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (SPW) (Entered: 05/08/2025) |
| 05/07/2025 | 11 | COMMITMENT TO ANOTHER DISTRICT as to John Lopez. Defendant committed to the District of New Mexico. Signed by Magistrate Judge Alison S Bachus on 5/7/2025. (SPW) (Entered: 05/08/2025) |
| 05/08/2025 | 12 | ORDER OF DETENTION as to John Lopez. Signed by Magistrate Judge Alison S Bachus on 5/8/2025. (SPW) (Entered: 05/08/2025) |
| 05/08/2025 | 13 | Notice to District of New Mexico of a Rule 5 or Rule 32 Initial Appearance as to John Lopez. Your case number is: 1:22-CR-02053-MLG-1. Please use PACER Court Links to access the public docket and documents. Any necessary sealed or ex parte documents will be sent in a separate e-mail.<br><br>*(If you wish to designate a different email address for future transfers, please send your request to the national list host at InterdistrictTransfer_TXND@txnd.uscourts.gov.)* (SPW) (Entered: 05/08/2025) |

AO 442 (Rev. 08/14) Arrest Warrant

DOA: 4/30/25

# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 1084 1:22-CR-02053-MLG-1 |
| John Lopez | ) | |
| *Defendant* | ) | 25-04163-MJ-01-PCT-CDB |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Magistrate Judge without unnecessary delay, John Lopez, who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☒ Order of the Court

This offense is briefly described as follows:
The defendant failed to submit requested financial documents.

Date:  April 23, 2025

_____
*Issuing Officer's signature*

City and state:  Albuquerque, NM

MITCHELL R. ELFERS, CLERK OF COURT
*Printed name and title*

| Return |
|---|
| This warrant was received on ( date ) _____, and the person was arrested on ( date ) _____ at ( city and state ) _____. |
| Date: _____    _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

     Plaintiff,

                                  Case No. 1:22-cr-02053-MLG

v.

JOHN LOPEZ,

     Defendant.

## PRELIMINARY ORDER OF FORFEITURE FOR MONEY JUDGMENT

Defendant John Lopez was indicted for orchestrating an investment fraud scheme through his company, Personal Money Management Company ("PMMCO"). *See generally* Doc. 31. Lopez exercised his right to a jury trial and was convicted of seventeen counts of wire fraud contrary to 18 U.S.C. § 1343, twelve counts of mail fraud contrary to 18 U.S.C. § 1341, and two counts of money laundering contrary to 18 U.S.C. § 1957(a). Doc. 124. The Government then moved for a preliminary order of forfeiture of Lopez's property derived from his criminal conduct and for a money judgment. Doc. 125 at 17. The Court granted that motion in part and entered a preliminary order of forfeiture as to Lopez's property. *See* Doc. 130. Because Lopez contested the money judgment, the Court reserved ruling on that issue, *id.* at 1 n.1, and held an evidentiary hearing on April 7, 2025. *See* Doc. 166 (Hearing Minutes); Doc. 166-1 (Hearing Exhibits). Having considered the evidence admitted at trial and submitted during the forfeiture hearing, the Court concludes:

1. Between December 17, 2013, and November 8, 2021, Lopez deposited $19,489,285.37 of investor funds into two Wells Fargo Bank accounts held by PMMCO. Doc. 166-1 at 1.

2. Between November 9, 2021 to December 12, 2022, Lopez deposited $2,096,255.93 of investor funds into PMMCO accounts at Coconino Federal Credit Union, JP Morgan Chase, One AZ Credit Union, and Well Fargo Bank. *Id* at 2.

3.  Throughout 2022, Lopez also deposited $2,480,094.90[1] of investor funds into a PMMCO account held at Route 66 Coin and Collectible. *Id* at 31.

4.  In sum, between the inception of Lopez's scheme and its termination, PMMCO's gross proceeds were $24,065,636.20.

5.  In light of these findings, the Government has shown by a preponderance of the evidence that PMMCO's gross proceeds were derived from and traceable to Lopez's criminal offenses, namely wire fraud, mail fraud, and money laundering.

6.  Under 18 U.S.C. § 982(a)(8), the Government is entitled to a money judgment against Lopez in the amount of PMMCO's gross proceeds. *See United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) (authorizing money judgments for unlawful financial proceeds in criminal forfeiture proceedings).

Accordingly, pursuant to Federal Rule of Criminal Procedure 32.2(b), the Court enters a preliminary order of forfeiture for a money judgment against Lopez in the amount of $24,065,636.20. The parties may suggest revisions or modifications to this preliminary order prior to sentencing in accordance with Rule 32.2(b)(2)(B). Nothing in this order modifies the terms of the Court's prior Preliminary Order of Forfeiture for Property, Doc. 130, and any additional or ancillary forfeiture proceedings shall be carried out in accordance with Rule 32.2.

It is so ordered.

MATTHEW L. GARCIA
UNITED STATES. DISTRICT JUDGE

---

[1] The Government clarified during the evidentiary hearing that a single $5,000 entry on Government's Exhibit 288, Doc. 166-1 at 31, was a gift to Lopez, not investor funds. *See* Doc. 166 at 1. Accordingly, that entry was subtracted from the total amount deposited at Roue 66 Coin and Collectible.

2

MAGISTRATE JUDGE'S MINUTES
# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA – FLAGSTAFF

| | |
|---|---|
| **U.S. Magistrate Judge: Camille D. Bibles** | **Date:** April 30, 2025 |
| **USA v. John Lopez** | **Case Number: 25-04163MJ-001-PCT-CDB** |

**Assistant U.S. Attorney:  Parker Stanley**
**Attorney for Defendant:  Without Counsel**
**Interpreter:** N/A
**Defendant:**  ☒ **Present**  ☐ **Not Present**  ☐ **Released**  ☒ **Custody** ☐ **Summons** ☐ **Writ**

**INITIAL APPEARANCE ON RULE 5 WITHOUT COUNSEL**
**Date of Arrest:  April 30, 2025**
☒  Warrant Other District  (New Mexico)
Defendant has retained counsel in District of New Mexico.
Court advises the defendant of the issued warrant from the District of New Mexico
☒  Defendant shall be temporarily detained in the custody of the United States Marshal.
Further hearings to proceed in Phoenix to allow Defendant to receive medical care while in custody.

**Initial Appearance on Rule 5 to be revisited with counsel and Identity/Removal Hearing** set for
Friday, May 2, 2025 at 2:30 p.m. before Magistrate Judge Michael T. Morrissey in courtroom 304, 401
West Washington Street, Phoenix, Arizona.

**LATER:**  Federal Public Defender's Office reached out to retained counsel and advised of further
proceedings.  Retained counsel Shaheen P. Torgoley, Esq., **RYAN RAPP PACHECO SORENSEN,
PLC,** 3200 N. Central Ave., Suite 2250, Phoenix, AZ  85012 advised that he will appear for hearings.

**Recorded By** Courtsmart                                           IA     8 min
**Deputy Clerk** Christina Davison

                                                                    **Start:  11:30 am**
                                                                    **Stop:   11:38 am**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 3:25-mj-04163-CDB-1 |
| JOHN LOPEZ, | |
| Defendant. | |

**RESPONSE[1] TO UNITED STATES' MOTION TO DETAIN**

**SUMMARY**

The government repeatedly seeks to detain Mr. Lopez before sentencing even though he is compliant with release conditions and has never missed a Court date in over three years of litigation.[2]

Having tried and failed to obtain detention several times during this case's pendency, the government now piggy-backs off Probation's dispute with Mr. Lopez over the thoroughness of financial documents shared for the PSR. With sentencing only several weeks away (on May 27) the government claims Mr. Lopez's failure to provide updated documents to probation makes him a flight risk even though has never missed a Court date in three years of litigation. This is a disingenuous argument. Nothing about the absence of updated documents prevented Probation from completing the PSR which was disclosed on April 4, 2025, or merits detaining a non-

---

[1] Filed as a Motion for Release as "UNITED STATES' SEALED₁ MOTION TO DETAIN (for the presiding Arizona Magistrate Judge)" did not appear in record.

[2] While this (criminal) matter was initiated in December 2022, a preceding civil forfeiture matter began in April 2022.

violent septuagenarian during the final stretch of his defense. Mr. Lopez should continue to be released so that he can assist his attorneys for the crucial three weeks left before sentencing.

## RELEVANT CASE HISTORY

This underlying indictment stems from an investigation culminating in the execution of a search warrant in November 2021, during which financial documents, cash, precious metals, cryptocurrency, and electronic devices were seized. The government filed a civil forfeiture complaint on April 14, 2021. DNM 1:22-cv-00283 Doc. 1. A federal grand jury sitting in New Mexico indicted Mr. Lopez in December 2022. DNM 1:22-cr-02053-KWR Doc. 2. After appearing pursuant to a summons, Mr. Lopez was released after his arraignment.

The government obtained a superseding indictment in October 2023. 1:22-cr-02053-KWR Doc. 32. The government sought Mr. Lopez's detention, *id*. at doc. 34, but the Court again released him on conditions. *Id*. at Doc. 41.

In January 2024, the government again sought Mr. Lopez's detention. 1:22-cr-02053-KWR Doc. 61. The Court did not detain Mr. Lopez but added conditions of release. *Id*. at 84, 88.

The matter proceeded to trial from September 16, 2024, to September 26, 2024, culminating in a guilty verdict as to those counts which the Court permitted to be considered by the jury. 1:22-cr-02053-KWR Doc. 123. None of the convicted Counts, which are so-called "white collar" offenses, require a mandatory minimum sentence. Following the jury's verdict, the government again sought Mr. Lopez's detention, which the Court again denied. In its ruling, the Court noted:

> I've had an extensive conversation with Mr. Miller from Pretrial Services. We talked about this, his conditions and violations. . .
>
> [Mr. Lopez] has no violations since March of 2024. He's been on the most restrictive conditions that are available. He has complied with all of them. He's appeared for all the court proceedings. He has no failures to appear. He has no passport. There's no evidence that he's ever attempted to flee. And there is nothing

to suggest that he poses a danger. He hasn't -- **there is no evidence that he's done any of the things that the government has expressed concerns about**. And while I share those concerns, there's no evidence that it's actually happened. And so for those reasons, I'm going to -- I'm going to release Mr. Lopez pending custody.

Trial Tr. September 26, 2024 at p. 29 (*available at* ECF No. 179, Exh. 1 at 29:15-30:2

(**emphasis** added).

On October 17, 2024, Mr. Lopez participated[3] in in a presentence report interview with a

U.S. Probation Officer from the District of New Mexico. Throughout the next several months,

Mr. Lopez, individually, and through his defense counsel, produced voluminous documents

requested by U.S. Probation to help draft its Presentence Report.

On April 1, 2025, U.S. Probation stated that, to "finalize this [presentence] report," it

sought[4] from Mr. Lopez:

Hello,

In trying to finalize this report I am still in need of:

Tax records– business and personal (last 7 years filed).
All bank records - for the last year. I have September and October of 2024 but am requesting a full year up to April 2025.
copies of all credit statements and lines of credit statements for a full year up to April of 2025.

Also, I see I the civil suit what looks like $217,000 that was returned to John Lopez around 2022. Do we know what happened to that?

Thank you

Neal

Later that day, U.S. Probation added the following requests:

Sorry, additional questions:

---

[3] Description of Mr. Lopez's participation in U.S. Probation interview and dates/content of pre-PSR production of documents are based on undersigned counsel's review of his calendar and email traffic amongst defense counsel and U.S. Probation.

[4] Email sent from U.S. Probation Officer Neal Stern to defense counsel for John Lopez

- We are requesting Bank statements from AZCU that contain copies of the canceled checks for one year up to April of 2025
- What is the WEB-CISCO-INSPREMOT $800 withdrawal/payment made each of September and October 2024?
- Do we know why the CenturyLink- Speedway was taken out of account twice each month of September and October 2024?
- Is there any updated information about office space rent? Does he still pay $1,500 per month? Is that space still utilized and if so, what is it for?

Thank you

Neal

The requests from both April 1 emails include items sought for the first time.

On April 2, 2025, a member of Mr. Lopez's defense team produced a .PDF attachment to the PSR writer to help him better understand the payment of Mr. Lopez's legal defense costs. Mr. Lopez's defense team also answered questions from Probation about the civil suit which Probation had evidently not reviewed despite Probation receiving electronic notifications for the forfeiture matter. In an April 2 email, Mr. Lopez's defense team further explained to USPO Stern that Mr. Lopez could not gather all the documents—most of which were being sought for the first time despite the passage of over five months since the presentence interview—within the timeframe probation sought. These requests did not prevent Probation from disclosing the PSR two days later.

On April 6, 2025, a member of Mr. Lopez's defense team produced six bank statement attachments to Probation. On April 16, 2025, a member of Mr. Lopez's defense team produced 10 additional bank statements attachments to Probation.

Ultimately, on Friday, April 18, 2025, USPO Stern emailed Mr. Lopez's defense team to ask whether Mr. Lopez "was [] able to get tax records or statements for the lines of credit and credit cards for the whole year." On April 23, 2025, USPO sought an *ex parte* arrest warrant for Mr. Lopez and did not alert his counsel of the warrant's existence or its basis. Mr. Lopez's

counsel received a copy of the warrant on April 30, 2025. Upon information and belief, the

warrant was served on Mr. Lopez in the morning of April 30. At the time of his arrest, Mr. Lopez

was at the same address and in the same community in which he has resided for nearly two

decades. The warrant—which appears to be signed by a member of USPO or the clerk's office—

attaches as its basis, inexplicably, a preliminary order of forfeiture issued by the assigned District

Court. Exhibit X; *see* Case 1:22-cr-02053-MLG Doc. 171.

On May 2, 2025, the government seized on USPO's arrest warrant by filing – in the

District of New Mexico – a written motion to detain Mr. Lopez. 1:22-cr-02053-KWR Doc. 179.[5]

This is Mr. Lopez's response in opposition to detention. He seeks continued release until his

imminent sentencing on May 27, 2025.

## ARGUMENT

The government believes it should receive credit for its multiple, unsuccessful attempts to

detain Mr. Lopez over years of litigation. ECF No. 179 at 1-5. But the only issue before this

Court is whether Mr. Lopez's alleged failure to provide certain documents to United States

Probation for its presentencing report now requires Mr. Lopez's incarceration. ECF. No. 179 at

5. It does not, not least of which because Mr. Lopez has provided the documents he can, and to

the extent that he cannot, it is either because he does not have them or because to provide them

would be violate his Fifth Amendment rights.

It is specious of the government to argue Mr. Lopez is a flight risk when he has not once

in this case missed a court experience including two weeks of trial. ECF No. 179 at 8, Exh. 1 at

29:19 (noting that Mr. Lopez has no failures to appear in his case). In fact, he was right where

the government expected to find him when he was arrested: in Flagstaff, where he residees and

has resided for decades. ECF No. 179 at 8. The money to which the government claims he has

---

[5] Also filed in DAZ?

access would the same to which he has allegedly had access throughout this case, and he *has not fled* despite having been convicted by a jury nine months ago. ECF No. 179 at 8.

And, unless counsel for the government has also obtained a medical degree and examined Mr. Lopez himself, assertions that Mr. Lopez's health conditions are not exactly as they are presented are wholly unsupported by evidence. ECF. No. 179 at 9. Mr. Lopez is elderly, suffers from long COVID, and is ill-equipped to flee.

It bears repeating that Mr. Lopez has no prior criminal matters. This is his first and only, and he has never missed court. Indeed, as the trial court noted the last (*i.e. third*) time the government sought to jail Mr. Lopez before sentencing:

> "[Mr. Lopez] has no violations since March of 2024. He's been on the most restrictive conditions that are available. He has complied with all of them. He's appeared for all the court proceedings. He has no failures to appear. He has no passport. There's no evidence that he's ever attempted to flee. And there is nothing to suggest that he poses a danger. He hasn't -- **there is no evidence that he's done any of the things that the government has expressed concerns about**. And while I share those concerns, there's no evidence that it's actually happened. And so for those reasons, I'm going to -- I'm going to release Mr. Lopez pending custody."

ECF No. 179 Exh. 1 at 29:15-30:2 (emphasis added). Now, the government cannot help but pursue detention *again* not because Mr. Lopez has done something to deserve it, but because the government is frustrated it has failed so many times so far. What else explains the fact that the only thing the government alleges Mr. Lopez has done is fail to provide all the information that U.S. Probation seeks to write the PSR? The government's argument also fails facially because the PSR has *already been disclosed*. The appropriate remedy in this situation is for Probation (and the government) to draw whatever inference it may from the missing documents and for the parties to make their arguments during sentencing.

It bears mention that the government fails to discuss *why* Mr. Lopez has not provided these documents, including the fact that Mr. Lopez cannot: for example, he has not filed tax

returns for the past five years, and is at the mercy of his banks with regard to the production of prior statements. As to other documents, Mr. Lopez asserts his Fifth Amendment rights.

## CONCLUSION

There is no reason for, nor benefit to be derived from, locking John Lopez up less than a month before he is to be sentenced. He is manifestly not a flight risk. He will appear, as he always has—and as the government knows he will—for his sentencing. The government's motion for detention should be denied.

Respectfully Submitted,

/s/ Shaheen P. Torgoley
Ryan Rapp Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012

/s/Joel R. Meyers
The Law Office of Joel R. Meyers, LLC
1000 Cordova Place, #930
Santa Fe, NM 87505

/s/Ahmad Assed
Ahmad Assed & Associates
818 5th Street NW
Albuquerque, NM 87102

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of May, 2025, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christine Ducat Keller
Assistant United States Attorney
United States Attorney's Office-Phoenix, AZ

Parker Stanley
Assistant United States Attorney
United States Attorney's Office-Flagstaff, AZ

/s/ Shaheen P. Torgoley
Ryan, Rapp, Pacheco Sorensen, PLC
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012

1   TIMOTHY COURCHAINE
    United States Attorney
2   District of Arizona
    CHRISTINE D. KELLER
3   Illinois State Bar No. 6281316
    Assistant U.S. Attorneys
4   Two Renaissance Square
    40 N. Central Ave., Suite 1800
5   Phoenix, Arizona 85004
    Telephone: 602-514-7500
6   Email: Christine.Keller@usdoj.gov
    *Attorneys for Plaintiff*
7
                    UNITED STATES DISTRICT COURT
8
                        DISTRICT OF ARIZONA
9

10  United States of America,                    25-04163MJ-001

11                  Plaintiff,              **NOTICE OF FILING**

12          vs.

13  John Lopez,

14                  Defendant.

15

16

17         The United States, through the undersigned counsel, hereby gives notice of the filing

18  of a Reply In Support Of Its Motion To Detain with the Clerk of the Court in connection

19  with United States District Court for the District of New Mexico, Criminal Case No. 22-

20  CR-2053 MLG.

21         Respectfully submitted this 6th day of May, 2025.

22                                          TIMOTHY COURCHAINE
23                                          United States Attorney
                                            District of Arizona
24

25                                           *s/Christine D. Keller*
                                            CHRISTINE D. KELLER
26                                          Assistant U.S. Attorneys

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 22-cr-2053 MLG |
| | ) | |
| **JOHN LOPEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DETAIN**

The United States replies to Defendant John Lopez's Response to the United States Motion to Detain, Doc. 180[1] ("Response"), in support of its Motion to Detain, Doc. 179 ("Motion").[2]

Lopez's argument for release boils down to one thing: because he has appeared for court appearances in the past, he is not a risk for flight now. Response at 5-6, 8. What that argument misses is that the landscape has changed since all of Lopez's previous court appearances. Sentencing is now but three weeks away and he faces a guideline range of 360 months to life,[3] a fact not known to him until recently. Knowing that range and staring down a potential sentence of imprisonment of that length, his risk of flight is extraordinarily high. *See United States v. Nelson*, 919 F.2d 1381, 1384 (9th Cir. 1990) ("One facing a potentially longer prison term has

---

[1]Filed in the District of Arizona at *United States v. Lopez*, 25-mj-4163 (Doc. 6). All citations to a Doc. number are to the District of New Mexico docket, unless otherwise noted.

[2]Filed in the District of Arizona at *United States v. Lopez*, 25-mj-4163 (Doc. 5) attached as an exhibit to Doc. 5.

[3]The PSR initially calculated the range at 292 – 365 months. Doc. 144. Probation has since agreed with an objection to the PSR the United States filed, which would increase Lopez's guideline range to 360 months to life. Doc. 177.

more of an incentive to flee."); *United States v. Agbai*, 930 F.2d 1447, 1449 (10th Cir. 1991) (acknowledging the same principal and citing *Nelson* with approval).

Indeed, from cases across the nation, there is ample evidence that white-collar defendants on release who regularly appear for court change their behavior just as a judge is about to hold them accountable at sentencing. *See*, *e.g.*, *United States v. Patel*, 921 F.3d 663, 665 (7th Cir. 2019) (describing a white-collar defendant's attempt to flee "just days before he was sentenced"); *United States v. Hallahan*, 756 F.3d 962, 966 (7th Cir. 2014) (Defendants "engaged in a prolonged fraud" and "[r]ather than face sentencing for their crimes, the defendants chose to flee the district"); *United States v. Abuhouran*, 162 F.3d 230, 234 (3d Cir. 1998) (describing white-collar defendant's release on "home confinement" pending sentencing, only to attempt to flee to Jordan six days before sentencing); *United States v. Harris*, 2024 WL 3202397, at *2 (D.N.M. 2024) (describing a white-collar defendant and her husband's flight from New Mexico before sentencing); *Swanson v. United States*, 2011 WL 4007722, at *1 (S.D. Ind. 2011) (similar to *Harris*); *United States v. Boyd*, 2006 WL 2805639, at *1 (E.D. Mich. 2006) ("Defendant had been free on bond pending sentencing, but failed to appear" and describing an eight-month flight from justice); *see also United States v. Nguyen*, 279 F.3d 1112, 1114 (9th Cir. 2002) (describing white-collar defendant's failure to self-surrender after sentencing).

That Lopez has appeared in court before must be considered in light of this context. He has never been held accountable before. Indeed, up to, through, and after trial, he lived his life much like he used to – living in his own home, speaking with whom he wanted, and, for a time, continuing his investment fraud scheme. What is different now is that, within weeks, he is facing accountability and the prospect of significant prison time. That prospect changes peoples. It changes their behavior. And that is evidenced by all those defendants described in the cases, *supra*,

2

who fled from justice.  Lopez is a flight risk, and he has not overcome *his* burden to show that he is not a flight risk by clear and convincing evidence.

On top of that, Lopez has the means to flee.  As described in its initial Motion, Doc. [179], Lopez has somewhere around $3.5 million of silver coins (fraud proceeds) from which to finance a flight from justice.  *See United States v. Poulsen*, 521 F. Supp. 2d 699, 704 (S.D. Ohio) ("When one further considers the apparently substantial resources that [the defendant] has available, which could be used to finance his flight, the conclusion that he poses at least some risk of absconding becomes – no pun intended – inescapable.").  This is plenty of money from which he could procure false documentation, flee the jurisdiction, and lead a very comfortable life until he dies.

Which brings the United States to its final point.  By his own admission Lopez has not complied with Probation's request for financial documentation.  Response at 5-7.  This fact alone is alarming.  But on top of that, Lopez has not come hat in hand to the Court to explain it was a mistake or an oversight.  Instead, he gives excuses and half-explanations. One, Lopez says he has not turned over all the bank statements because he "is at the mercy of his banks."  Response at 6-7.  That he could not call up his banks and ask them to provide what he needs within a couple of weeks beggars credulity.  Probation is not seeking complex financial documents; it is seeking *statements*.   Two, he has not given his tax returns because "he has not filed tax returns for the past five years,"[4] never mind that Probation has asked for *seven* years tax returns.  Response at 3, 6-7.  This half-explanation is a smokescreen.  And finally three, Lopez asserts a fifth amendment privilege for any remaining requests from Probation, but invokes it in a blanket fashion, noting it applies to "other documents."  Response at 7.  A proper invocation, however, requires a specific

---

[4]A red flag in and of itself.

invocation to specific documents. *See United States v. Clark*, 847 F.2d 1467, 1474 (10th Cir. 1988).

All of this is to say, Lopez is hiding information from the Court by not providing these documents. That fact alone weighs toward detention. *See United States v. Adams*, 2022 WL 14813734, at * 4 (D. Ariz. 2022) (vague "self-reported finances and income" favored detention). What makes that even more concerning here is that the financial information might be evidence of steps Lopez has taken toward effecting flight from justice, e.g., liquidation or transfers of assets in preparation for flight. It might also have information concerning more fraud proceeds. It might also simply be that there is some information he does not wish the sentencing judge to consider at sentencing.[5] Any of those motives should give this Court pause in releasing Lopez. That he is resisting the Court's will is good evidence that, when push comes to shove, and he is finally facing incarceration, he will defy the Court.

This is the third time Lopez has violated his conditions of release. This Court should not allow Lopez another opportunity to defy court orders and should detain him pending his revocation hearing in New Mexico.

## CONCLUSION

For the foregoing reasons, and all the reasons included in its initial Motion, Doc. 179, the United States respectfully requests the Court detain Lopez pending his revocation hearing in New Mexico.

---

[5]Lopez's argument about the timing of the PSR disclosure is a red herring, Response at 6 (arguing the United States' argument "fails facially" because the PSR has already been disclosed). The PSR is a means to an end – educating the sentencing judge on pertinent facts for sentencing. *See* 18 U.S.C. § 3552. That Lopez has not provided this information to Probation means he is depriving it from the Court and that deprivation of information matters since sentencing has not yet been pronounced.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*Electronically filed on May 6, 2025*
FREDERICK MENDENHALL
FRED FEDERICI
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I hereby certify that on May 6, 2025, I filed
the foregoing electronically through the CM/ECF
System, which caused counsel for the Defendant
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*/s/*
FREDERICK MENDENHALL
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America** | **Case Number: 25-04163MJ-001-PCT-CDB** |
| **v.** | **Charging District's Case No.** |
| **John Lopez** | **1:22-CR-02053-MLG-1** |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the District of New Mexico, Albuquerque Division. The defendant may need an interpreter for this language: N/A.

The defendant:      ☒  will retain an attorney.

☐  is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Dated this 7th day of May, 2025.

_____

Honorable Alison S. Bachus
United States Magistrate Judge

cc: USMS by SPW

AO 94 (Rev. 06/09)  Commitment to Another District